GREGORY, Circuit Judge,
dissenting:
Webb has waited over four years to have an “extremely enlarged incisional ventral hernia” removed — a surgery prison medical staff determined could “electively” be done within six months. It is undisputed that the surgery is necessary, and the only accepted medical procedure for remedying Webb’s serious condition. However, as Webb lingers, the majority, without pause or hesitation, holds that, as a matter of law, the prison medical staff has not been *169 “deliberately indifferent” to his serious medical need to have surgery “absent some resultant harm or a worsened condition.” (Maj. Op. at 167.) The Eighth Amendment does not require a prisoner to be on the precipice of death to receive the necessary treatments that the prison medical staff itself prescribed.
The Eighth Amendment expressly prohibits the infliction of “cruel and unusual punishments.” U.S. Const, amend. VIII. In Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court established the standard for Eighth Amendment cases involving prisoner medical needs. In order to prove an Eighth Amendment violation, the prisoner must show that the defendant acted with deliberate indifference to his serious medical needs, which requires proof of two elements: (1) that the deprivation of medical care was sufficiently serious (objective component); and (2) that the prison officials were deliberately indifferent to the serious medical needs (subjective component). Id. “[Deliberate indifference entails something more than mere negligence,” Farmer v. Brennan, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), but indifference can be manifested by prison doctors intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle, 429 U.S. at 104-05, 97 S.Ct. 285.
It is undisputed that Webb’s hernia condition is a serious medical need. See Martin v. Bowman, 48 F.3d 1216 (4th Cir.1995) (“A medical need is serious if it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor’s attention.”) The majority’s “deliberate indifference” analysis of Webb’s Eighth Amendment claim is simple: rather than arguing that he received no medical treatment, Webb only alleges that Defendants conservative course of treatment violates his Eighth Amendment rights and since he was seen numerous times by prison medical staff and outside medical specialists, defendants were not deliberately indifferent. Simplicity notwithstanding, the majority errs.
In September, 2003, a consulting general surgeon recommended that Webb receive “laparoscopic ventral hernia surgery.” (J.A. 356.) Based on the alleged reducible nature of the hernia, Dr. Vendel deemed Webb’s surgery “elective;” that is, “not urgent” and he posited that surgery could be performed within six months of September 24, 2004. However, only five days after Dr. Vendel’s determination that the surgery was “elective,” Webb was examined by a consulting physician, who observed “a new bulge on [Webb’s] abdomen,” that had increased in size, and recommended laparascopic repair. (J.A. 358.) As the majority correctly notes, Webb complained thirteen times of chronic abdominal pain, and two different specialists recommended surgery during the course of two years after the initial recommendation. Yet, surgery was still delayed and another six months passed without any discussion of scheduling Webb for surgery. While the majority makes much of Webb receiving treatment throughout this time and Dr. Vendel determining that the surgery was “elective,” it is clear that Webb did not receive the treatment that was prescribed year after year by several surgeons despite his chronic pain and medical infirmities.
For instance, there is no evidence that Dr. Vendel, after the first six-months passed, determined that Webb could wait another six-months for surgery. In fact, the record suggests otherwise. On August 3, 2005, Dr. Vendel referred Webb, after *170 complaints of extreme pain, to an orthopedic surgeon for a second opinion. It was not until April 27, 2006, nearly three years after surgery was first recommended and five months after Webb filed suit, that Dr. Vendel recommended surgery be scheduled. On March 10, 2006, another orthopedic surgeon confirmed that Webb’s hernia had increased and surgery was needed. (J.A. 585.) To be sure, even if a procedure is “elective” — the term certainly should not mean that Webb must wait almost four years for a surgery that Dr. Vendel stated could be scheduled at the very least within six months.
We have held, albeit in an unpublished opinion, that where prison officials are aware of a serious medical need and delay treatment, the plaintiffs’ allegations are sufficient enough to satisfy the objective component of a deliberate indifference suit. See Clinkscales v. Pamlico Corr. Facility, 238 F.3d 411 (4th Cir.2000) (inmate sufficiently alleged deliberate indifference as a result of defendant’s nine-month delay in providing a necessary surgery) (citing Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir.1987) (prison officials may not interminably delay medical treatment or deny treatment based on arbitrary and burdensome procedures.)) Here, Webb presented evidence, when viewed in a light most favorable to him — as we must, sufficient to create a triable issue of material fact as to whether the delay constitutes deliberate indifference.
The majority’s rationale to the contrary rings hollow in the face of the probability that further delay of Webb’s hernia surgery could result in the worsening or strangulation of his hernia, bowel obstruction, or even Webb’s death. (J.A. 311.) Deliberate indifference should not turn on whether Webb’s condition worsened during the delay and nor should Dr. Vendel’s decision to take an easier but less efficacious course negate deliberate indifference. It is the delay, itself, that is deliberately indifferent. As the Supreme Court stated in Estelle, an unreasonable delay or withholding of treatment can constitute deliberate indifference and, therefore, offend the Eighth Amendment. Estelle, 429 U.S. at 104-05, 97 S.Ct. 285.
It is uncontroverted that Webb suffers from a serious medical condition that requires surgery. Merely providing a prisoner with some treatment is not the Constitutional mandate of the Eighth Amendment. Rather, it is providing a prisoner with the care he or she needs. Prisoners are deprived of freedom and stripped of most rights but the Eighth Amendment guarantees that they not be treated less than human. So I ask, is it humane for a prisoner, who has suffered for four years with a serious medical condition, to be waiting for a surgery that everyone agrees is necessary? Based upon the majority’s reasoning, it is uncertain how long Webb must wait for medical treatment before he can make out an Eighth Amendment claim that would at least survive summary judgment. Because surely his protection under the Eighth Amendment has not deteriorated to such an anemic state, I dissent.